State on relation of EDWARD WOOTEN v. M. A. WHITE, THOMAS J. CONGER, *et al.*

(Decided December 5, 1899.)

*Taxes—Sheriff's Receipt—Revenue Act, 1895, Chap. 119— Title—Nonsuit Under Act 1897.*

1. Where the complaint alleges that the plaintiff was seized and possessed of the land sold for taxes, and the answer admits that the plaintiff was "*possessed*" thereof, such admission is sufficient evidence of title within purview of the Revenue Act of 1895.

2. Where the plaintiff, a non-resident of Iredell County, owned two parcels of land in Statesville Township—one in the town and the other outside—and an agent of his, in December, 1895, went to the sheriff to pay the taxes, and on learning the amount paid it, and took the sheriff's receipt, general in its form, for taxes due from the plaintiff, in said township, although it omitted the parcel outside of the town, of which neither the agent nor the plaintiff was aware, and the sheriff, without notifying either, exposed said land for sale, and made a deed to the purchaser, the defendant Conger, the deed conveyed no title.

CIVIL ACTION on the official bonds of M. A. White, Sheriff of Iredell County, for wrongfully selling plaintiff's land for taxes, tried before *Robinson, J.,* at August Term, 1899, of the Superior Court of IREDELL County.

The purchaser of the land, 31 acres, was afterwards made a party and filed his answer. The plaintiff complained, that he was the owner of two parcels of land in Statesville Township—one a house and lot in the town of Statesville, and the other 31 acres outside of the town. That in December, 1895, his agent went to M. A. White, Sheriff, to pay the taxes of plaintiff, was told the amount, and paid it to the sheriff, and took his receipt, general in form, and both the plaintiff and his agent supposed all the taxes were all paid; that the sheriff, without giving notice to either of them, advertised the 31-acre tract and sold it to the defendant Conger in May, 1896, and in May, 1897, made him a deed.

The defendants answered, that the tax on the 31-acre tract had not been paid, and that the land had been sold according to law, and a deed made to Conger in May, 1897.

In the complaint was an allegation that the plaintiff was seized and possessed of the 31 acres. The answer conceded that plaintiff was possessed thereof. As a part of the plaintiff's evidence these paragraphs of the complaint and answer were read to the jury upon the question of title.

The defendants introduced no evidence. The defendant Thomas J. Conger moved, so far as he was concerned, for judgment as of nonsuit, under the Act of 1897.

His Honor allowed the motion. Plaintiff excepted and appealed.

*Mr. B. F. Long,* for appellant.

*Messrs. H. Burke, R. B. McLaughlin,* and *H. P. Grier,* for appellee.

MONTGOMERY, J. This action was originally begun against M. A. White, Sheriff of Iredell County, and Leroy Morrow, W. W. Houpe and S. A. Sharpe, the sureties on his

official bond, to recover of them damages for the alleged unlawful sale of the relator's land for taxes listed in the year 1895. Afterwards, in the same action, the summons was issued against Thomas J. Conger, the purchaser of the land at the sheriff's sale for taxes, and a complaint filed for the recovery of the possession of the land—Conger having taken possession under the sheriff's deed. He appeared and demurred to the complaint on the ground that the causes of action set out in the complaint were improperly joined. The record is silent as to what became of the demurrer, but Conger answered, and it must be therefore that the demurrer was overruled without exception having been made. After the plaintiff had produced his evidence, and rested, the defendant Conger moved for judgment as of nonsuit under the Act of Assembly. The motion was allowed and the plaintiff excepted. The defendant Conger contended that the plaintiff made no proof of his title to the land at the time it was sold for taxes, as he was required to do under sec. 66 of chap. 119, Laws 1895. If that is true, the plaintiff was properly nonsuited. It must be examined.

In the third allegation of the complaint the relator alleged that he was *seized and possessed* of the tract of land at the time of its sale on the 4th of May, 1896, by the sheriff for taxes. In the third paragraph of the defendant's answer he admitted that the relator was *possessed* of the land at the time of its sale; and in this connection he further said that he had no knowledge or information sufficient to form a belief as to what interest the relator was seized of in the land. That paragraph of the answer was introduced in evidence by the plaintiff to show title in the plaintiff. We think that when the defendant admitted that the plaintiff was *possessed* of the land at the time of the sale, that was such an admission of title in the plaintiff as the statute required. *Possession* in

law may be either lawful or unlawful, but when one is said to be *possessed* of land, his possession is deemed to be lawful. Webster defined possessed—"held by lawful title." It makes no difference with the defendant whether the plaintiff held the land in fee, or for life, or for years, if it was unlawfully sold by the sheriff for taxes, for the estate, whatever it was in the land, could be recovered by the plaintiff to the end that he might enjoy that interest during its continuance.

The other evidence in the case upon the plaintiff's appeal ought to have been submitted to the jury under proper issues and instructions, for if it had been and the jury had believed it, the plaintiff would have been entitled to recover possession of the land. The land was situated in Statesville Township, Iredell County. The plaintiff relator lived in Wilmington at the time of the sale. George H. Brown was the agent of the plaintiff at Statesville to pay his taxes there, and when he called upon the sheriff or his deputy to pay the taxes he asked that officer "what taxes were due by Mr. Wooten." That officer gave him the amount, which Brown paid, and took a receipt therefor. The relator owned a house and lot in the city of Statesville, and also the tract of land which was sold for the taxes, and the subject of dispute in this action, in Statesville Township, but outside of the city. The sheriff's receipt for taxes made no specification of the property. It seems that in the listing of the taxes, separate list takers were appointed in the year 1895, one set for Statesville Township, "inside," and another set for Statesville Township, "outside." Neither the relator nor his agent, Brown, knew of that arrangement. The receipt of the sheriff, when it was pro- duced on the trial, showed that the word "inside" which was in parenthesis, and between the printed words "Statesville Township," had been stricken out by two distinct marks through it, made by pen and ink. The relator testified that

he had never noticed the partial erasure of the word "inside"
until it was shown to him on the trial.    The witness Brown
said that he had never been asked for any further taxes
claimed to be due by the relator, and the relator testified that
he had never had notice of any further taxes for that year.
On cross-examination, however, the witness Brown testified
that he did not pay the taxes due for the year 1895 upon the
tract of land of the relator lying outside of the city of States-
ville and in Statesville Township, and which was bought by
the defendant Conger at the tax sale.    So far then as the
plaintiff's appeal is concerned, the case states that when the
plaintiff's evidence was in, it appeared that the relator,
through his agent, Brown, had called upon the sheriff for the
taxes due by the relator; that a receipt for the taxes had been
given, generally, for Statesville Township in which the land
sold for taxes was situated, for there was no evidence offered,
so far as the plaintiff's appeal is concerned, to show that the
word "inside" had been erased by the relator, and he had tes-
tified that he did not make the erasure.    The relator then had
a receipt for his taxes signed by the officer authorized by law
to collect the taxes, and a receipt for them given upon an
inquiry made by the agent of the taxpayer as to what taxes
were due by the relator, and no further demand had ever
been made, and no notice that any further taxes were due.
Under the facts testified to in this case, if true, does the deed
of the sheriff to the defendant Conger convey a good title to
the land?    It can not be so.    We can not believe that any
such effect can proceed from a proper construction of the
Revenue Law of 1895, on the subject of the sale of land for
taxes.    It is true that in sec. 66 of chap. 119, Laws 1895,
it is required of the claimant of land sold for taxes, before he
can be permitted to question the title of the purchaser at the
tax sale, that he shall overcome by proof certain conclusions

and presumptions arising from the deed itself as to the regularity of the assessment, levy and sale, yet we think that requirement does not refer to a case where the taxpayer has made such an offer as was made in this case by the relator, and where such a receipt had been given as the one passed by the sheriff to the relator.    When a sheriff receives the tax list, with the proper order for collection endorsed thereon by the clerk of the Board of Commissioners, the same is in the nature of an execution.    Certainly if a sheriff should return to the court an execution upon which he had made the endorsement that the amount mentioned in the execution had been paid to him by the execution debtor, he would not be allowed to sell under the same execution the property of the debtor, even though he had made a mistake in the return of the writ.    By analogy to that conduct of the sheriff, the relator had the right to rest securely on the receipt which the sheriff passed to him for the taxes due on his property which had been listed in the township (Statesville) named in the receipt.    If he had had property outside of that township, the case would be different.

We have treated the evidence offered by the plaintiff as appears in the plaintiff's appeal.

There is also an appeal by the defendant White and his sureties.    A great deal more evidence was brought out on the issue submitted to the jury on that branch of the case after the motion for nonsuit had been allowed.    We have not referred to that evidence in the plaintiff's appeal, because we do not wish to anticipate a future proceeding in the case.

We are not passing upon the legal effect of the evidence as it appeared in the case of the defendant White's appeal.    The appeal of the defendant White and his sureties will be retained in this Court until the determination of that part of the action against the defendant Conger.

There was error in the judgment of nonsuit.
New trial.

FURCHES, J., concurring.    I concur in the judgment of the
Court that there was error in dismissing this action as to the
defendant Conger, for the following reason: That the
answer of Conger, which was offered in evidence, admitted
title in the plaintiff Wooten; and the defendant Conger
showed no title in himself.

This being so, the Court should have instructed the jury
that upon all the evidence, if believed, they should find that
the plaintiff was entitled to recover.